FORT SCOTT RAPID-TRANSIT RAILWAY COMPANY v.
SUSAN PAGE.
No. 357.* (59 Pac. 690.)

STREET-RAILROADS—*Frightening Horses.* The petition, evidence and instructions carefully examined, and *held* to sustain the proceedings had in this case and the judgment rendered.

Error from Bourbon district court; J. S. WEST, judge. Opinion filed January 13, 1900. Affirmed.

*Perry & Crain,* for plaintiff in error.
*Humphrey & Hudson,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Bourbon county by the defendant in error against the plaintiff in error to recover the

---

*Petition for order to certify denied by supreme court March 10, 1900.—REP.

damage she sustained in being thrown from the spring wagon in which she was riding, by reason of her horses becoming frightened at a car being operated by the plaintiff in error in the city of Fort Scott, Kan. The jury returned a verdict in favor of the defendant in error in the sum of $1000, and judgment was rendered thereon. The plaintiff in error brings the case here for review, and makes the following specification of errors :

"Plaintiff in error says the court below committed error in its proceedings in said action, as appears on the face of the record, in this, to wit : First, in not sustaining the objection to the introduction of evidence, for the reason that the petition fails to state a cause of action ; second, in overruling the demurrer to the evidence of the plaintiff ; third, in refusing at the close of the evidence to instruct the jury to return a verdict for the defendant ; fourth, in rendering judgment on the verdict of the jury ; fifth, in overruling the motion for new trial."

The petition, among other things, contains the following :

"That on the evening of December 23, 1894, plaintiff was traveling along Wall street, in said city, in a spring wagon drawn by two horses, which she was driving ; that, as she neared the point where Little street intersects Wall street, one of defendant's cars turned from Broadway street onto Wall street and came west on Wall street towards Little street, and meeting plaintiff, who was driving east on the same street ; that when said car was within about 400 feet of plaintiff her team of horses became frightened at said car, and commenced to run backward, and thus placed plaintiff in great danger of having her wagon upset and herself injured ; that defendant, instead of stopping its said car, as it was its duty to do under such circumstances, continued to move rapidly towards plaintiff, increasing the fright

of her team, until they wheeled quickly around and turned said wagon upside down, and greatly injured plaintiff, breaking and dislocating her arm, so as to make her permanently disabled, and injuring and bruising her body, and causing her great internal injuries and much suffering and pain; that plaintiff's team was well broken, and gentle under all ordinary circumstances; that said injuries happened solely by the negligence and improper conduct of defendant in not stopping its said car when said team became frightened thereat.''

This, with the other allegations contained in the petition, states a cause of action. We have carefully examined the evidence of the defendant in error, and find that there is sufficient evidence to sustain the allegations of the petition, and the court properly submitted it to the jury. The instructions were correct, and the verdict was properly sustained by the trial court.

The judgment of the district court is affirmed.